### In Re GRAND JURY MATERIAL WITNESS DETENTION

#### No. 3:03–49–MISC–CR.

United States District Court,
D. Oregon.

April 7, 2003.

*ORDER*

ROBERT E. JONES, District Judge.

Maher Mofeid Hawash was arrested on March 20, 2003, as a material witness pursuant to 18 U.S.C. § 3144. The day after his arrest. Hawash appeared in court with his attorney at which time the court advised him of his rights. At the hearing, the court set a mutually agreed detention hearing for April 7, 2003, at 9:00 a.m., in conrtroom 14B of the U.S. Federal Courthouse in Portland. Hawash and the government agreed that Hawash would re-main in custody pending the detention hearing. Hawash requested, and the court ordered, that he be placed in administrative segregation and that his family be permitted to visit him.

### A. The Closed Hearings.

I regret that the proceedings related to this matter must occur in a closed courtroom. However, much of the information needed to determine Hawash's detention status is purportedly the same information being presented to the grand jury.

Under Federal Rule of Criminal Procedure 6(c)(5), "[s]ubject to any right to an open hearing in a contempt proceeding, the court must close any hearing to the extent necessary to prevent disclosure of a matter occurring before the grand jury." The Supreme Court has stated that "grand jury proceedings have traditionally been closed to the public and the acoused." *Press–Enterprise Company v. Superior Court of California,* 478 U.S. 1, 11, 106 S.Ct. 2735, 92 L.Ed.2d 1 (1986), *see also Gannett Co. Inc. v. DePasquale,* 443 U.S. 368, 397 n. 1, 99 S.Ct. 2898, 61 L.Ed.2d 608 (1979) (Powell, J., concurring) ("And, of course, grand jury proceedings traditionally have been held in strict confidence"). Furthermore, the Supreme Court has stated that "the proper functioning of our grand jury system depends upon the secrecy of grand jury proceedings." *United States v. Sells,* 463 U.S. 418, 424, 103 S.Ct. 3133, 77 L.Ed.2d 743 (1983) (quoting *Douglas Oil Co. v. Petrol Stops Northwest,* 441 U.S. 211, 218–19, 99 S.Ct. 1667, 60 L.Ed.2d 156 (1979)). The Supreme Court has also explained the justifications for conducting grand jury proceedings in a closed forum:

"First, if preindictment proceedings were made public, many prospective wit-

nesses would be hesitant to come forward voluntarily, knowing that those against whom they testify would be aware of that testimony. Moreover, witnesses who appeared before the grand jury would be less likely to testify fully and frankly, as they would be open to retribution as well as to inducements. There also would be the risk that those about to be indicted would flee, or would try to influence individual grand jurors to vote against indictment. Finally, by preserving the secrecy of the proceedings, we assure that persons who are accused but exonerated by the grand jury will not be held up to public ridicule."

*Douglas Oil,* 441 U.S. at 218–19, 99 S.Ct. 1667.

The detention hearing of a material witness requires examination of two bases for detaining the witness: (1) that the witness's testimony "is material in a criminal proceeding" and (2) that it "may become impracticable to secure the presence of the person by subpoena" due to flight. 18 U.S.C. § 3144 (the material witness statute). In evaluating the materiality of a witness's testimony, the ongoing grand jury proceedings must necessarily be discussed. Likewise, in evaluating flight risk, similar issues are apt to surface before the grand jury.

■ Based on the foregoing, and my examination of the affidavit supporting Hawash's arrest, I conclude that the detention hearing must be closed to the public because of the potential that the related grand jury proceedings may be compromised.

That being said, the fact that a material witness is detained to provide testimony before a grand jury, as opposed to detaining a witness to testify at trial, does not mean that the secrecy that accompanies grand jury proceedings renders secret the material witness's identity, status as a material witness or detention.

In this matter, the detention of Hawash is no secret and has been widely published from sources other than the prosecution, defense counsel or the court. Moreover, the specific, sealed grand jury investigation to which Hawash's testimony relates will not be hindered by disclosing his identity, his arrest as a material witness or his detention status. In *In re Application of United States for Material Witness Warrant,* 214 F.Supp.2d 356 (S.D.N.Y.2002), the court stated that "[w]hile grand jury secrecy is mandated by law, *see* Fed. R.Crim.P. 6(e)(5) & (6), the determination to jail a person pending his appearance before a grand jury is presumptively public, for no free society can long tolerate secret arrests." 214 F.Supp.2d at 363–64 (internal case citations omitted). To withhold that information could create public perception that an unindicted member of the community has been arrested and secretly imprisoned by the government. Below is the relevant law regarding the detention of material witnesses. Due to the relationship between a grand jury investigation and Hawash's testimony, my findings regarding Hawash's detention status are substantially redacted.

**B. The Material Witness Statute.**

■ In 1984, Congress enacted the present version of the material witness statute found at 18 U.S.C. § 3144.[1] As mentioned, the statute permits a witness to be detained "if it appears from an affi-

---

1. The material witness statute, 18 U.S.C. § 3144, provides in full:

**Release or detention of a material witness.**

davit filed by a party that the testimony of a person is material in a *criminal proceeding,* and if it is shown that it may become impracticable to secure the presence of the person by subpoena" to wit, by flight. § 3144. The Ninth Circuit has concluded that a grand jury proceeding constitutes a "criminal proceeding" under a prior version of the material witness statute. *See Bacon v. United States,* 449 F.2d 933, 941 (9th Cir.1971). The legislative history of the current version of the statute substantiates the holding in *Bacon* by stating that "[a] grand jury investigation is a 'criminal proceeding' within the meaning of this section. *Bacon v. United States,* 449 F.2d 933 (9th Cir.1971)." *See In re Material Witness Warrant,* 213 F.Supp.2d at 297.

In sum, I conclude that a grand jury proceeding constitutes a "criminal proceeding," as the term is used in § 3144.

A common sense reading of Section 3144 requires the court to evaluate the material witness' risk of flight, likelihood that the person will appear, and danger to the community or nation.

If the court issues a detention order under subsection (c), the court shall (1) include written findings of fact and a written statement of the reasons for detention; (2) direct that person be committed to the custody of the Attorney General in a facility separate from persons awaiting sentencing or serving sentences; (3) direct that the person be afforded reasonable oppor- tunity for private consultation with counsel; and (4) direct that the person be released to the custody of the U.S. Marshal for appearance in court. In making a determination of detention, the facts the court relies upon must be supported by clear and convincing evidence.

Under the law, the court can only identify the person in detention and set the term of detention, but not make public the findings or reasons for detention for the obvious reason that such findings concern matters pending before the grand jury. Thus, my findings, though made, are sealed.

I conclude by clear and convincing evidence that the material witness must be detained, but not indefinitely.

I hereby direct the United States Attorney (1) to perpetuate the witness' testimony by deposition; or (2) present the witness before the grand jury for testimony with or without immunity not later than April 25, 2003. A closed detention hearing will be held April 29, 2003, at 9:00 a.m. in Courtroom 14B.

---

If it appears from an affidavit filed by a party that the testimony of a person is material in a criminal proceeding, and if it is shown that it may become impracticable to secure the presence of the person by subpoena, a judicial officer may order the arrest of the person and treat the person in accordance with the provisions of section 3142 of this title. No material witness may be detained because of inability to comply with any condition of release if the testimony of such witness can adequately be secured by deposition, and if further detention is not necessary to prevent a failure of justice. Release of a material witness may be delayed for a reasonable period of time until the deposition of the witness can be taken pursuant to the Federal Rules of Criminal Procedure.